U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2010 FEB -9 P 2:30

JOH W. SANFILIPPO
CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SERGEY MIKAYELYAN and<br>RITA GRIGORYAN,<br><br>Defendants. | Case No. 10-CR-10 - CR - 024<br><br>[18 U.S.C. §§ 1344, 1349 & 2] |

## INDICTMENT

## COUNT ONE: CONSPIRACY TO COMMIT WIRE FRAUD AND BANK FRAUD

THE GRAND JURY CHARGES:

1.    Beginning on or about November 13, 2004, and continuing through on or about August 11, 2009, in the State and Eastern District of Wisconsin and elsewhere,

### SERGEY MIKAYELYAN and RITA GRIGORYAN

knowingly conspired to commit offenses against the United States, namely wire fraud, in violation of Title 18, United States Code, Section 1343, and bank fraud, in violation of Title 18, United States Code, Section 1344, by conspiring to defraud federally insured financial institutions and other credit card issuers through a scheme to defraud that involved material misrepresentations, the concealment of material facts, and the use of the interstate wires.

## The Scheme to Defraud

2.      The essence of Mikayelyan's and Grigoryan's conspiracy and underlying scheme to defraud was to fraudulently obtain credit card accounts in each of their names from federally insured banks and other credit issuers by materially misstating their income in credit card applications and then, within the span a few days, to fraudulently use those credit card accounts to incur as many debts as possible, on the false pretense that they intended to repay those debts, when in fact they did not intend to do so.

3.      As a part of the scheme to defraud, between approximately November 13, 2004, and July 27, 2009, Mikayelyan and Grigorian applied for and obtained approximately 18 credit cards, store charge accounts, and associated lines of credit (collectively, "credit cards"). They obtained at least 14 of those credit cards fraudulently by materially overstating their annual income when applying for the credit card.

4.      Between approximately July 27, 2009, and August 1, 2009, Mikayelyan and Grigoryan fraudulently applied for and obtained approximately ten additional credit cards in either Mikayelyan's or Grigoryan's name based on materially false statements about his or her income, or on the false pretense that they intended to repay the debts incurred on the card, or both.

5.      Between approximately July 27, 2009, and August 1, 2009, Mikayelyan and Grigoryan "busted out" approximately 28 of their existing and newly obtained credit cards, that is, they incurred debts on each of those credit cards, which debts brought each respective card's debt balance near or above its available-credit limit, on the false and

2

fraudulent pretense that they intended to repay those debts when, in fact, they did not intend to do so.

6. During this six-day period, the debts they incurred on their 28 credit cards exceeded $120,000. Their purchases included two BMWs, gold jewelry, designer items, expensive electronic equipment, and furniture.

7. As a part of the "bust out" phase of the conspiracy and scheme to defraud, Mikayelyan and Grigoryan artificially inflated, and attempted to artificially inflate, the available credit on some of their credit card accounts by "kiting" convenience checks between accounts, that is, by writing a convenience check against one account that exceeded that account's available credit, while knowing that the check exceeded the account's available credit, and causing that check to be credited to a second account for the purpose of artificially inflating the second account's available credit.

8. The financial institutions victimized by Mikayelyan's and Grigoryan's conspiracy and scheme to defraud included US Bank, Wells Fargo Bank, GE Money Bank, HSBC, Capital One, Department Stores National Bank, FIA Card Services, N.A., JP Morgan Chase Bank, N.A., and Citibank, South Dakota, N.A. During the course of the conspiracy and scheme to defraud, the deposits of each of those institutions were insured by the Federal Deposit Insurance Corporation.

9. Mikayelyan's and Grigoryan's conspiracy also involved the use of the interstate wirings. Specifically, on or about July 30, 2009, Mikayelyan made approximately $10,208 in purchases at the American Furniture store in Oak Creek using

3

his American Furniture charge account ending with digits 4511. By doing so, Mikayelyan caused electronic signals to be transmitted interstate from Wisconsin to World Financial Network National Bank in Westerville, Ohio.

10.     Through their conspiracy and scheme to defraud, Mikayelyan and Grigoryan fraudulently obtained approximately 18 credit cards based on false statements about their income and, by "busting out" those and other credit cards, caused federally insured financial institutions and World Financial Bank to suffer over $120,000 in actual losses and exposed financial institutions to the risk of additional losses.

## Manner and Means of the Conspiracy and Scheme to Defraud

## Acts involving fraudulent credit card applications submitted before July 27, 2009

11.     As a part of the conspiracy and underlying scheme to defraud, on or about the date indicated below, the Defendant named below applied for and obtained the credit card account described below based on the materially false statement regarding his or her annual income set forth below, which statement the named Defendant knew to be false at the time he or she applied for the credit card.

| Application date | Defendant who applied for credit card account | Card issuer | Account number ending | Annual income Defendant claimed in card application |
|---|---|---|---|---|
| 11/13/2004 | Mikayelyan | Best Buy/ HSBC | 6870 | $45,000 |
| 02/13/2005 | Mikayelyan | Capital One | 3684 | $38,000 |
| 09/24/2005 | Mikayelyan | Citibank | 2266 | $80,000 |
| 04/03/2006 | Mikayelyan | Citibank | 3646 | $65,000 |

4

| 04/10/2007 | Grigoryan | JP Morgan Chase | 4620 | $85,000 |
|---|---|---|---|---|
| 06/24/2007 | Mikayelyan | US Bank | 4975 | $180,000 |
| 10/01/2007 | Grigoryan | Citibank | 6433 | $41,000 |
| 01/02/2008 | Grigoryan | Citibank | 0134 | $37,000 |
| 04/02/2008 | Grigoryan | US Bank | 2499 | $48,000 |
| 06/18/2009 | Grigoryan | US Bank | 7049 | $67,000 |

**Acts involving the "bust-out" of credit cards between July 27 and August 1, 2009**

12. On July 27, 2009, at approximately 9:13 a.m., Grigoryan obtained a $1,300 cash advance at a US Bank branch located at 2303 N. Farwell Avenue, Milwaukee, Wisconsin, using her US Bank credit card account ending with digits 2499.

13. On July 27, 2009, at approximately 9:28 a.m., Mikayelyan obtained a $2,300 cash advance at a US Bank branch located at 2303 N. Farwell Avenue, Milwaukee, Wisconsin, using his US Bank credit card account ending with digits 4975.

14. On July 27, 2009, at approximately 9:58 a.m., Mikayelyan obtained a $250 cash advance at a North Shore Bank branch located at 4414 N. Oakland Avenue, Shorewood, Wisconsin, using his Capital One credit card account ending with digits 3684.

15. On July 27, 2009, at approximately 10:00 a.m., Grigoryan obtained a $1,250 cash advance at a North Shore Bank branch located at 4414 N. Oakland Avenue, Shorewood, Wisconsin, using her US Bank credit card account ending with digits 7049.

16. On July 27, 2009, Mikayelyan charged $13,063 against his Citibank credit card account ending with digits 2266, at Auto Source Motors in Milwaukee, Wisconsin,

5

as a partial payment toward the purchase of a grey 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73424WB21270.

17.    On July 27, 2009, Mikayelyan charged $6,300 against his Citibank credit card account ending with digits 3646, at Auto Source Motors in Milwaukee, Wisconsin, toward the purchase of a white 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73484WB25971.

18.    On July 27, 2009, Grigoryan charged $2,500 against her US Bank credit card account ending with digits 7049, at Auto Source Motors in Milwaukee, Wisconsin, toward the purchase of the white 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73484WB25971.

19.    Between July 27, 2009 and July 31, 2009, Mikayelyan incurred at least $11,500 in charges using his JP Morgan Chase credit card account ending with digits 7795, which charges substantially exceeded the account's $4,500 credit limit. Those charges included a $3,000 charge on July 27 at AutoSource Motors, Inc., in Milwaukee, Wisconsin; a $4,300 charge on July 29 at Ma Jewelers and Watch Clinic in Chicago, Illinois; and $4,200 charge on July 31 at New York Jewelers in Chicago, Illinois.

20.    Between July 27, 2009 and July 30, 2009, Grigoryan incurred at least $4,128 in charges using her JP Morgan Chase account ending with digits 4620, which charges substantially exceeded the account's $3,000 credit limit. Those charges included a $1,250 charge on July 27 at Lazor Jewelers in Milwaukee, Wisconsin, and a $2,878 charge on July 30 at New York Jewelers in Chicago, Illinois.

6

21.     Between July 27 and July 31, 2009, Grigoryan incurred at least $7,840 in charges using her JP Morgan Chase account ending with digits 5718, which charges substantially exceeded the account's $4,400 credit limit. Those charges included a $440 charge on July 27 at Lazor Jewelers in Milwaukee, Wisconsin; a $3,700 charge on July 29 at Ma Jewelers and Watch Clinic in Chicago, Illinois; and a $3,700 charge on July 31 at New York Jewelers in Chicago, Illinois.

22.     On August 1, 2009, Mikayelyan obtained a $1,700 cash advance at a US Bank branch located at 5888 N. Port Washington Road, Glendale, Wisconsin, using his Capital One credit card account ending with digits 3684.

**Acts involving the "kiting" of convenience checks between credit card accounts**

23.     On or about July 28, 2009, Mikayelyan and Grigoryan attempted to artificially inflate the credit available on Mikayelyan's Citibank credit card account ending with digits 2266. Specifically, Mikayelyan and Grigoryan caused a $16,000 convenience check, drawn on Grigoryan's US Bank credit card account ending with digits 2499, to be credited to Mikayelyan's Citibank credit card account ending with digits 2266. As Mikayelyan and Grigoryan both knew, that $16,000 check, later returned for insufficient funds, substantially exceeded the available balance on Grigoryan's US Bank credit card account 2499.

24.     On or about July 28 and July 29, 2009, Mikayelyan and Grigoryan artificially inflated the credit available on Mikayelyan's JP Morgan Chase credit card account ending with digits 7795. Specifically, on or about July 28, 2009, Mikayelyan and

7

Grigoryan caused a $4,300 convenience check, drawn on Grigoryan's Citibank credit card account ending with digits 6433, to be credited to Mikayelyan's JP Morgan Chase credit card account 7795. On or about July 29, 2009, Mikayelyan and Grigoryan caused a $4,200 convenience check, drawn on Mikayelyan's FIA Card Services account 3545, to be credited to Mikayelyan's JP Morgan Chase credit card account 7795. Both of those convenience checks exceeded the credit available on the accounts, as Mikayelyan and Grigoryan knew, and were later returned for insufficient funds. But the deposit of those convenience checks artificially inflated the available credit on Mikayelyan's JP Morgan Chase credit card account 7795 for sufficient time to allow Mikayelyan to incur over $13,000 in charges on that account, even though its credit limit was only $4,500.

25.     On or about July 28 and July 29, 2009, Mikayelyan and Grigoryan artificially inflated the credit available on Grigoryan's JP Morgan Chase credit card account ending with digits 5718. Specifically, on or about July 28, 2009, Mikayelyan and Grigoryan caused a $4,200 convenience check, drawn on Grigoryan's US Bank credit card account ending with digits 2499, to be credited to Grigoryan's JP Morgan Chase credit card account 5718. On or about July 29, 2009, Mikayelyan and Grigoryan caused a $4,100 convenience check, drawn on Grigoryan's Citibank credit card account 0134, to be credited to Grigoryan's JP Morgan Chase credit card account 5718. Both of those convenience checks exceeded the credit available on the accounts, as Mikayelyan and Grigoryan knew, and were later returned for insufficient funds. But the deposit of those convenience checks artificially inflated the available credit on Grigoryan's JP Morgan

8

Chase credit card account 5718 for sufficient time to allow Grigoryan to incur over $12,527 in charges on that account, even though its credit limit was only $4,400.

26.     On or about July 29 and July 30, 2009, Mikayelyan and Grigoryan artificially inflated the credit available on Grigoryan's JP Morgan Chase credit card account ending with digits 4620. On or about July 29, 2009, Mikayelyan and Grigoryan caused a $2,900 convenience check, drawn on Grigoryan's Citibank credit card account ending with digits 6433, to be credited to Grigoryan's JP Morgan Chase credit card account 4620. On or about July 30, 2009, Mikayelyan and Grigoryan caused a $2,600 convenience check, drawn on Grigoryan's Citibank credit card account ending with digits 0134, to be credited to Grigoryan's JP Morgan Chase credit card account 4620. Both of those convenience checks exceeded the credit available on the accounts, as Mikayelyan and Grigoryan knew, and were later returned for insufficient funds. But the deposit of those convenience checks artificially inflated the available credit on Grigoryan's JP Morgan Chase credit card account 4620 for sufficient time to allow Grigoryan to incur over $6,973.86 in charges on that account, even though its credit limit was only $3,000.

**Acts involving Mikayelyan's and Grigoryan's August 1, 2009 fraudulent applications for, and "bust out" of, their Colder's store charge accounts**

27.     On or about August 1, 2009, Mikayelyan applied for and obtained a Colder's store charge account, issued by a division of Wells Fargo Bank, ending with digits 7997, based on the materially false statement that his annual income was $180,000, when in fact, as he knew, his actual income at that time was far less than that amount.

9

28.  On or about August 1, 2009, Grigoryan applied for and obtained a Colder's store charge account, issued by a division of Wells Fargo Bank, ending with digits 8003, based on the materially false statement that her annual income was $50,000, when in fact, as she knew, her actual income at that time was far less than that amount.

29.  On or about August 1, 2009, Mikayelyan and Grigoryan charged approximately $3,100 and $2,454 against their respective Colder's store charge accounts to jointly purchase electronic equipment and furniture.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH EIGHT: BANK FRAUD

THE GRAND JURY FURTHER CHARGES:

30.    On or about the dates listed below, in the State and Eastern District of Wisconsin, and elsewhere,

### SERGEY MIKAYELYAN and RITA GRIGORYAN

knowingly executed, with intent to defraud, the scheme to defraud federally insured financial institutions described in paragraphs 2 through 29 of this indictment, in the manner described below.

| Count | Date | Execution of Scheme to Defraud |
|-------|------|-------------------------------|
| Two | July 27, 2009 | Grigoryan obtained, and Mikayelyan caused Grigoryan to obtain, a $1,300 cash advance at a US Bank branch located at 2303 N. Farwell Avenue, Milwaukee, Wisconsin, using her fraudulently obtained US Bank credit card account ending with digits 2499 |
| Three | July 27, 2009 | Mikayelyan obtained, and Grigoryan caused Mikayelyan to obtain, a $2,300 cash advance at a US Bank branch located at 2303 N. Farwell Avenue, Milwaukee, Wisconsin, using his fraudulently obtained US Bank credit card account ending with digits 4975. |
| Four | July 27, 2009 | Mikayelyan charged, and Grigoryan caused Mikayelyan to charge, $13,063 against his fraudulently obtained Citibank credit card account ending with digits 2266, at Auto Source Motors in Milwaukee, Wisconsin, toward the purchase of a grey 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73424WB21270. |

11

| Five | July 27, 2009 | Mikayelyan charged, and Grigoryan caused Mikayelyan to charge, $6,300 against his fraudulently obtained Citibank credit card account ending with digits 3646, at Auto Source Motors in Milwaukee, Wisconsin, toward the purchase of a white 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73484WB25971. |
|---|---|---|
| Six | July 27, 2009 | Grigoryan charged, and Mikayelyan caused Grigoryan to charge, $2,500 against her fraudulently obtained US Bank credit card account ending with digits 7049, at Auto Source Motors in Milwaukee, Wisconsin, toward the purchase of the white 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73484WB25971. |
| Seven | August 1, 2009 | Mikayelyan charged, and Grigoryan caused Mikayelyan to charge, approximately $3,100 against his fraudulently obtained Colder's store charge account, issued by a division of Wells Fargo Bank, ending with digits 7997, to jointly purchase electronic equipment and furniture. |
| Eight | August 1, 2009 | Grigoryan charged, and Mikayelyan caused Grigoryan to charge, approximately $2,454 against her fraudulently obtained Colder's store charge account, issued by a division of Wells Fargo Bank, ending with digits 8003, to jointly purchase electronic equipment and furniture. |

Each in violation of Title 18, United States Code, Sections 1344 and 2.

12

## FORFEITURE NOTICE

31.     Upon conviction of the offense of conspiracy to commit bank and wire fraud in violation of Title 18, United States Code, Section 1349, set forth in Count One of this Indictment, or any of the bank fraud offenses in violation of Title 18, United States Code, Sections 1344 and 2, set forth in Counts Two through Eight of this Indictment, the defendants, Sergey Mikayelyan and Rita Grigoryan, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense or offenses. The property to be forfeited includes, but is not limited to:

a.    One grey 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73424WB21270, seized from 4046 North Oakland Avenue, Apt. C, Shorewood, Wisconsin, on August 14, 2009;

b.    One white 2004 BMW X3-Series 2.5i, bearing VIN WBXPA73484WB25971, seized from Cudahy Auto Care located in Cudahy, Wisconsin, on August 14, 2009;

c.    Approximately $3,793 in United States currency seized from 4046 North Oakland Avenue, Apt. C, Shorewood, Wisconsin, on August 14, 2009;

d.    Any and all items of jewelry seized from 4046 North Oakland Avenue, Apt. C, Shorewood, Wisconsin, on August 14, 2009;

e.    Any and all miscellaneous items of general merchandise seized from 4046 North Oakland Avenue, Apt. C, Shorewood, Wisconsin, on or about August 14, 2009;

f.    Any and all miscellaneous items of electronic and computer equipment seized from 4046 North Oakland Avenue, Apt. C, Shorewood, Wisconsin, on August 14, 2009;

13

g. Any and all miscellaneous items of electronic and computer equipment seized from U-Haul storage unit #113 at the U-Haul Storage Facility located at 505 East Capitol Drive, Milwaukee, Wisconsin, on or about August 15, 2009;

h. Any and all miscellaneous items of general merchandise seized from U-Haul storage unit #113 at the U-Haul Storage Facility located at 505 East Capitol Drive, Milwaukee, Wisconsin, on or about August 15, 2009; and

I. A sum of money equal to the proceeds derived from the offense or offenses.

32. If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL:

FOREPERSON

2/9/10
Date

JAMES L. SANTELLE
United States Attorney

14